**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

—————————

**No. 11-4546**

—————————

UNITED STATES OF AMERICA,

             Plaintiff - Appellee,

     v.

LARRY CURRIE,

             Defendant - Appellant.

—————————

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.   James C. Dever III, District Judge.  (5:10-cr-00175-D-1)

—————————

Submitted:  November 2, 2011          Decided:  November 10, 2011

—————————

Before WILKINSON and WYNN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

—————————

Affirmed by unpublished per curiam opinion.

—————————

Timothy J. Sullivan, BRENNAN SULLIVAN & MCKENNA LLP, Greenbelt, Maryland, for Appellant. Jennifer P. May-Parker, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

—————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Larry Currie pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924 (2006). The district court determined that Currie was an armed career criminal pursuant to 18 U.S.C. § 924(e)(1). On January 13, 2011, the district court sentenced Currie to the mandatory minimum sentence of 180 months' imprisonment.

Currie filed a pro se notice of appeal on May 9, 2011. On appeal, Currie's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), certifying that there are no meritorious issues on appeal but questioning whether Currie received (i) deficient notice of the Government's intent to pursue a § 924(e)(1) sentencing enhancement and (ii) ineffective assistance of counsel. The Government has declined to file a responsive brief. Currie was notified of his right to file a pro se supplemental brief but has not done so. Finding no error, we affirm.

Currie's counsel questions whether Currie was entitled under 21 U.S.C. § 851(a)(1) (2006) to notice of the Government's intent to rely on prior convictions as predicates for the § 924(e)(1) sentencing enhancement. However, the notice requirements of § 851(a)(1) apply only to controlled substance related offenses and penalties enumerated in Part D of Title 21 of the United States Code and, thus, do not provide a cognizable

2

basis for relief. Moreover, the Government provided Currie notice of the predicate convictions used to establish his § 924(e) enhancement by listing these convictions in his presentence report. See United States v. O'Neal, 180 F.3d 115, 125-26 (4th Cir. 1999). Accordingly, we hold that Currie is not entitled to relief on the basis of deficient notice of predicate convictions under 21 U.S.C. § 851(a)(1).

Appellate counsel also questions whether trial counsel rendered ineffective assistance by failing to (1) adequately explain the rights Currie was waiving and the potential mandatory minimum penalty he faced, (2) provide Currie adequate time to contemplate his guilty plea, and (3) move for a downward departure based on Currie's learning disabilities. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's ineffectiveness appears conclusively on the record. United States v. Baldovinos, 434 F.3d 233, 239 (4th Cir. 2006). Currie's claim is not ripe for review because the record contains no conclusive evidence that counsel was ineffective. Furthermore, in accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment. This Court requires that counsel inform Currie, in writing, of his right to petition the Supreme Court of the United States for further review. If Currie requests that a

3

petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Currie. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4